

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Lee Brady
Banking Commissioner of Texas
Austin, Texas

Dear Sir:

> Opinion No. O-2072
> Re: Validity of a chattel
> mortgage upon an auto-
> mobile duly registered
> and liens duly noted
> upon title certificate,
> where such automobile
> is part of a stock of
> goods daily exposed to
> sale.

We have your inquiry for a legal opinion as follows:

"A bank desires to advance money to an automobile dealer to be used in the purchase of new and used automobiles which are to be daily exposed for sale. Assuming the execution of a proper chattel mortgage showing the funds were advanced for the purchase of the cars, and (as an additional precaution) proper registration of the mortgage, and notation thereof on the manufacturer's, importers or title certificate, will the bank's lien be valid against a purchaser who in fact had no actual knowledge of the existence of the mortgage?"

Your request calls for a construction of House Bill No. 407, passed by the 46th Legislature, known as the "Certificate of Title Act."

Section 1 of the Act declares:

"It is hereby declared to be the legislative intent and public policy of this State to lessen and prevent the theft of motor vehicles, and the importation into this State of and traffic in stolen motor vehicles, and the sale of encumbered motor vehicles without the enforced disclosure to the purchaser of any and all liens for which any such motor vehicle or the tires, radios, parts or appliances thereof stands as security, and the provisions hereof, singularly and collectively, are to be liberally construed to that end."

The emergency clause further declares:

"The fact that an early adoption of this Act will operate to materially safeguard dealing in motor vehicles and using the same as security," creates an emergency.

The Act is a special law dealing with motor vehicles only.

The Act does not specifically repeal any law, but does carry the usual provision that all laws and parts of laws in conflict therewith are repealed. Such would be the effect of the new Act without such express provision. Repeals by implication are not favored in law, but they are recognized in those cases

Honorable Lee Brady - page 3

where there is such conflict between the old and the new statutes with respect to the subject matter as that both Acts cannot stand at the same time as the law upon the subject. In such a case the last Act will prevail as being the latest expression of the legislative intention.

Section 41 declares:

"No lien shall be valid on any motor vehicle which is hereafter the subject of a first sale, or be enforcable against any such motor vehicle unless there is noted on the importer's or manufacturer's certificates, the date, name, and address of the mortgagee, whose rights arise out of or are incident to such first sale by reason of the execution of any written instrument by the transferee."

While this section is in the form of negation, nevertheless, the converse of the negation is necessarily implied; that is, that such a lien will be valid where the requirements of the section have been complied with.

Section 45 declares:

"Exposure for sale of any motor vehicle by the owner thereof with the knowledge or consent of any mortgagee shall not affect the right of any mortgagee as against all third parties."

When these two sections are read in connection with other pertinent parts of the Act, and, indeed, in the light of the purpose of the Act to deal broadly with the whole subject of liens upon motor vehicles, it is clear, we think, that Article 4000 of the Revised Civil Statutes forbidding the making of chattel mortgages upon stocks of goods, wares and merchandise daily exposed to sale is repealed by necessary implication, insofar as motor vehicles are concerned. The obvious purpose of the Certificate of Title Act is to cover the whole field

Honorable Lee Brady - Page 4

of liens upon motor vehicles. The language of Sec. 45, above quoted, is such that the old statute cannot stand in the light of the new. Motor vehicles have been taken out of the operation of Article 4000.

The familiar rule of statutory construction is thus epitomized in 39 Tex. Jur. p. 148:

> "Where it is apparent that a statute is intended to embrace all the law upon the subject with which it deals, it repeals all former laws relating to the same subject. Under this rule, a statute that covers the subject matter of a former law and is evidently intended as a substitute for it, although containing no express words to that effect, operates as a repeal of the former law to the extent that its provisions are revised and its field freshly covered. Accordingly, parts of the original act that are omitted from the new legislation are to be considered as annulled. If the later act is clearly intended to prescribe the only rules which should govern, it repeals the prior statute, although the two are not repugnant in their provisions."

Not only does the Act contain every indicia of an intention to legislate with respect to the entire subject-matter of liens upon motor vehicles within the rule we have been discussing, but in Sec. 66 (the emergency clause) there is specific language indicating clearly to our minds that the particular phase of dealers using automobile as security was intended to be covered. The language referred to is "the fact that an early adoption of this Act will operate to materially safeguard dealing in motor vehicles and using the same as security."

The term "dealer" is defined to be "any person purchasing motor vehicles for resale and retail to

Honorable Lee Brady - Page 5

owners", and the word "dealing", as used in the emergency clause, is simply another form of the word just defined. Such interpretation of the term is also in keeping with the common understanding as to the ordinary meaning of the words "dealer", "dealing", and the like.

It must be remembered that Article 4000 of the statutes does not make chattel mortgages executed upon stocks of merchandise daily exposed to sale absolutely void -- they are only void as to innocent purchasers, the statute being a registration statute -- such a mortgage is valid between the parties. It will further be remembered that by Act of the 43rd Legislature (1933) ch. 117, p. 305) (Vernon Sayles' Texas Civil Statutes, Article 5497a) the effect of such a chattel mortgage is further enlarged so as to make its registration apply to claims of other creditors.

There is nothing in the Title Certificate Act indicating in any way that a chattel mortgage upon a motor vehicle in this State is required or entitled to be registered by the County Clerk under Articles 4000 and 5497a of the statutes to make them valid. On the contrary, the exact opposite of this is apparent, and this department has in effect so held in the ruling hereinafter referred to.

So that, you are respectfully advised that in the opinion of this department your inquiry should be answered in the affirmative.

In this connection you may be interested in knowing that this department has heretofore construed the Certificate of Title Act as repealing the general registration statute as to liens on motor vehicles. (See opinion No. O-1539 to Mr. W. E. Yancy, County Auditor, Tarrant County, of date November 7, 1939).

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED MAY 29, 1940

ATTORNEY GENERAL OF TEXAS

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE